IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARY STEWART, as next of kin and administrator ad litem of the estate of DARRIUS STEWART, deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-2098 |
| OFFICER CONNER SCHILLING, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER TO SHOW CAUSE**

In this civil case brought under 42 U.S.C. § 1983, Plaintiff Mary Stewart sues for the alleged violation of her deceased son's civil rights by Defendant Conner Schilling. (ECF No. 1.) Beginning in July 2023, Plaintiff's counsel filed several motions seeking to withdraw. (ECF Nos. 45, 47, 53.) Plaintiff's counsel represented that issues had arisen in the course of the litigation that prevented their effective representation of Plaintiff's interests. (ECF No. 50; No. 53 at 1-2.) Plaintiff's counsel attempted to communicate with Plaintiff to resolve those issues or to gain her approval of counsel's withdrawal. (ECF No. 53 at 2-3.) Plaintiff's counsel represented that they were unsuccessful in communicating with Plaintiff. (Id.) After holding two status conferences to address counsel's motions to

withdraw, the Court granted the September 5, 2023 renewed motion. (ECF Nos. 49, 52-54.)

Plaintiff is now unrepresented by counsel. A jury trial is set for October 9, 2023.[1] (ECF No. 37.) Plaintiff must decide whether she wishes to proceed. If she wishes to proceed, Plaintiff must decide whether she wishes to seek new counsel or to proceed pro se, that is, to represent herself. Obtaining new counsel would be exceptionally difficult given that two prior counsel have withdrawn. Plaintiff may or may not be allowed to represent herself. In general, a plaintiff bringing suit on behalf of another's estate may not proceed pro se. Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015) (order). The exception is where the plaintiff is "the sole beneficiary of an estate without creditors." Id.; see also Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[Plaintiff] cannot proceed pro se with respect to the § 1983 action because he is not the sole beneficiary of the decedent's estate."). If Plaintiff seeks to proceed pro se, she must move to do so, stating whether there are other potential beneficiaries of Darrius Stewart's estate, such as children or another parent. She must also state whether Darrius Stewart's estate has any known creditors or claimants.

---

[1] Although it appears unlikely that the trial will proceed as scheduled, the Court will defer setting a new date until Plaintiff has notified the Court whether she wishes to proceed.

For the foregoing reasons, Plaintiff is ORDERED, within fourteen (14) days of the entry of this Order, to notify the Court, in writing, whether she wishes to seek new counsel or to represent herself. If Plaintiff wishes to seek new counsel, she should make diligent efforts to locate an attorney as soon as possible. If she wishes to proceed pro se, she should move to do so, including the information discussed above. Failure to respond to this Order within fourteen (14) days will result in the dismissal of Plaintiff's case. The Clerk of Court is directed to mail a copy of this Order to Plaintiff's last known address.

SO ORDERED this 7th day of September, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE